UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

08-60791-CIV-JORDAN/McALILEY

**PITBULL PRODUCTIONS, INC.,**

    **Plaintiff,**

v.

**THE URBAN NETMEDIA GROUP, INC.
d/b/a UNIVERSAL NETMEDIA, INC.,
JONATHAN LEWERS a/k/a CRAIG
ENNIS, NADINE LEWERS, LARRY
LEWERS, MICHAEL SMITH, JACK
JOHANSSEN and JOHN DOES 1-3,**

    **Defendants,**
_____/

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT,
PERMANENT INJUNCTION, AND INCORPORATED MEMORANDUM OF LAW**

  Plaintiff Pitbull Productions, Inc. ("Pitbull" or "Plaintiff") files this Motion for Final Default Judgment, Permanent Injunction, and incorporated Memorandum of Law against Defendants THE URBAN NETMEDIA GROUP, INC. d/b/a UNIVERSAL NETMEDIA, INC., JONATHAN LEWERS a/k/a CRAIG ENNIS, NADINE LEWERS, and LARRY LEWERS (collectively the "Defendants") and as grounds sets forth the following:

**I. PRELIMINARY STATEMENT**

  Plaintiff is seeking a final default judgment against Defendants for copyright and trademark infringement, and related causes of action, as alleged in its Verified Amended Complaint (hereinafter "V.A.C."), in conjunction with an award of statutory damages, attorneys' fees and costs, and injunctive relief. Plaintiff is in the business of adult entertainment films and websites. Plaintiff maintains registered copyrights (Exhibit B of V.A.C., D.E. 12) and common

law and registered trademarks (Exhibit A of V.A.C., D.E. 12) in pre-recorded CDs, video tapes, laser disks and DVDs featuring adult entertainment.

As alleged in V.A.C. and admitted to by default, Defendants are the owners and operators of the website www.whatstea.com, and are the active, conscious, and dominant force behind the distribution of fully integrated infrastructure that connects the website visitors to infringing digital files bearing reproduction of Plaintiff's works and trademarks while facilitating and inducing others to upload and download Plaintiff's intellectual property (V.A.C. ¶¶ 1, 26-31, D.E. 12). Further, Defendants have had full knowledge of Plaintiff's ownership of its intellectual property including Plaintiff's exclusive right to use and license these rights and the goodwill associated therewith (V.A.C. ¶ 23, D.E. 12). Defendants do not have, nor ever had, the right or authority to use Plaintiff's copyrighted works and trademarks for any purpose. However, despite their lack of authority to do so, Defendants have been using, disclosing, converting, misappropriating, retaining, selling, transferring and contributing to the infringement of Plaintiff's trademarks and copyrights (V.A.C. ¶¶ 1, 26-31, D.E. 12).

## II.     LEGAL STANDARD

As a result of their default, Defendants "admit[] the plaintiff's well-pleaded allegations of fact." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). If the facts in the pleading are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. *Arista Records*, *Inc. v. Beker Enter., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003); *Adolph Coors Co. v. Movement Against Racism and The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

### A.     Defendants Are Liable For All Claims Alleged in Plaintiff's Verified Amended Complaint

A default judgment should be entered against Defendants pursuant to Fed. R. Civ. P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, default judgment should be entered." Fed. R. Civ. P. 55(a). Plaintiff has satisfied the conditions of Fed. R. Civ. P. 55(b), establishing that Defendants have failed to plead and meet no exception to default. Plaintiff's Motion for Entry of a Clerk's Default was electronically filed on August 18, 2008 and the entry of a default against the Defendants is pending (D.E. 23). Upon entry of default, all factual allegations of Plaintiff's V.A.C. are deemed admitted and accepted as true. *Petmed Express, Inc. v. Medpots.com*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citing *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)).

**B.     Plaintiff Is Entitled To Separate Awards Of Statutory Damages For Defendants' Copyright And Trademark Infringement**

A plaintiff is entitled to recover a separate award of statutory damages under both the Copyright Act and the Lanham Act when defendants have infringed both its trademarks and copyrights. *Microsoft Corp. v. Tierra Computer*, Inc., 184 F. Supp. 2d 1329, 1330 (N.D. Ga. 2001) (awarding recovery of statutory damages under both Copyright Act and Lanham Act for one act of unlawful software distribution that constituted two wrongs). The two operative Acts provide remedies for two distinct wrongs and serve separate purposes, making an award of statutory damages under each Act appropriate in this case. "Insofar as the Lanham Act and Copyright Act provide separate remedies for distinct injuries, plaintiff may seek damages under each act." *Microsoft Corp. v. Compusource Distribs., Inc.*, 115 F. Supp. 2d 800, 810 (E.D. Mich. 2000) (awarding plaintiff $50,000 for each of its eight trademarks at issue and $15,000 for each of its nine copyrights at issue).

Statutory damages may be sought to penalize the infringer and deter future violations when actual damages would be difficult to calculate. *Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 851 (11th Cir. 1990). Defendants have failed to respond in any manner to the proceedings and are in default. Therefore, Plaintiff cannot conduct formal discovery against Defendants. Since Defendants' conduct violated both the Copyright Act and Lanham Act and Defendants failed to defend, or even respond to Plaintiff's allegations, Plaintiff exercises its right to elect statutory damages under both Acts.

### C.  Plaintiff Is Entitled To Statutory Damages For Copyright Infringement

Plaintiff's V.A.C. seeks relief for copyright infringement (¶¶ 42-44, D.E. 12). Pursuant to 17 U.S.C. § 504(a), "an infringer of copyright is liable for either the copyright owner's actual damages and any additional profits of the infringer … or statutory damages." *See also Disney v. Law*, 2008 U.S. Dist. LEXIS 6431 (M.D. Fla. January 23, 2008).

Under the Copyright Act, statutory damages provide for up to $150,000.00 per copyright violation for each act of willful infringement. 17 U.S.C. § 504(c). Willfulness may be actual or constructive and may be proven directly or may be inferred from an infringer's conduct. *See, e.g.,* N.A.S. *Import Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250 (2d Cir. 1992).

Here, Defendants induced infringement of Plaintiff's registered copyrights and continued to induce others to infringe on their website (V.A.C. ¶ 23, D.E. 12). Given Defendants' deliberate and continued copyright infringement despite repeated warnings, and the Defendants' failure to appear and defend this action, awards of statutory damages equal to the maximum amount available for willful infringement is appropriate. Defendants willfully and deliberately infringed thirty-seven (37) registered copyrights named in the V.A.C.[1] Consequently, the Court

---

[1] Note that most of the copyright registrations were obtained after the filing of the prior action in the Southern District of New York (07 civ 1784) and therefore were not included in the previous request for damages before the

4

**ASSOULINE & BERLOWE, P.A.**
213 E. Sheridan Street, Suite 3, Dania Beach, Florida 33004 • Telephone: 954-929-1899 • Facsimile: 954-922-6662

should award statutory damages of $5,550,000.00, which is $150,000.00 for each willful infringement of Plaintiff's copyrights.

### D. Plaintiff Is Entitled To Statutory Damages For Trademark Infringement, Federal False Designation Of Origin, and Unfair Competition

Plaintiff's V.A.C. seeks relief for trademark and trade dress infringement (¶¶ 34-36), false designation of origin (¶¶ 37-39) and common law trademark infringement and unfair competition (¶¶ 40-41). The Lanham Act provides that, at any time before final judgment is rendered, a trademark owner may elect to recover an award of statutory damages, rather than actual damages, for the use of a counterfeit mark in connection with goods or services. 15 U.S.C. § 1117(c). Statutory damages may be awarded in the amount of:

> **(1) not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just;**
>
> **or**
>
> **(2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit[2] mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.**

15 U.S.C. §1117(c).

Statutory damages are appropriate when an infringer's nondisclosure of pertinent facts--such as with default--leaves damages uncertain. *Chanel, Inc., v. April French,* 2006 U.S. Dist. LEXIS 93297 (S.D. Fla. December 27, 2006) citing *Sara Lee Corp v. Bags of New York, Inc.,* 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999). In *Petmed Express, Inc. v. Medpets.com, Inc.,* 336 F. Supp. 2d 1213 (S.D. Fla. 2004), the Eleventh Circuit noted that several courts have found

---

Southern District of New York. Also, since the filing of the present lawsuit additional copyright registrations have been obtained, but are not included in the request for damages.

[2] A counterfeit mark refers to a counterfeit of a mark that is registered with the USPTO.

statutory damages particularly appropriate in default judgment cases due to infringer nondisclosure. *See Sara Lee Corp. v. Bags of New York, Inc.,* 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999); *See also Tiffany(NJ) Inc. v. Luban,* 282 F. Supp. 2d 123 (S.D.N.Y. 2003); *Philip Morris USA, Inc. v. CastWorld Products, Inc.,* 219 F.R.D. 494 (C.D. Cal. 2003). The Court has wide discretion to set an amount of statutory damages. *Cable/Home Communication Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990); *Microsoft Corp. v. Tierra Computer, Inc.*, 184 F. Supp. 2d 1329, 1331 (N.D. Ga. 2001).

The Eleventh Circuit defines exceptional cases worthy of enhanced damages as cases that can be characterized as malicious, fraudulent, deliberate, and willful. *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994) (quoting H.R. Rep. No. 93-524, 93rd Cong. 1st Sess. (1974)). If the use of a counterfeit mark was willful, then the statute allows the Court to award up to $1,000,000 per counterfeit mark. 15 U.S.C. § 1117(c)(2). The statutory damages provision serves to deter wrongful conduct and to provide adequate remedies for trademark owners who seek to enforce their rights in court. *Petmed Express, Inc. v. Medpets.com, Inc.,* 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004); *See also, e.g., Pinehurst, Inc. v. Wick,* 256 F. Supp. 2d 424, 432 (M.D.N.C. 2003*)* (citing S.Rep. No. 106-140, at 8 (1999)).

Courts regularly award $1,000,000 per infringed mark when it appears that **the use of the counterfeit mark was willful**. *See Perry Ellis v. URI Corp***.** 2007 U.S. Dist. LEXIS 77676 (S.D. Fla. October 18, 2007) (awarding $1,000,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(c)); s*ee, e.g., also Gucci America, Inc., v Duty Free Apparel, Ltd.*, 315 F. Supp. 2d 511, n.8 (S.D.N.Y. 2004) (awarding $2,000,000 for two infringed marks under the Lanham Act and New York General Business Law § 349, but noting that "the maximum statutory damages was arguably higher than $2 million"); and *Philip Morris USA, Inc. v. CastWorld Products, Inc.,* 219

F.R.D. 494, 502 (C.D. Cal. 2003) (awarding the maximum amount for two infringing trademarks for a total of $2,000,000); *Louis Vuittion Malletier v. Veit*, 211 F. Supp. 2d 584-85 (E.D. Pa. 2002) (awarding maximum statutory damages for a total of $1,000,000 for six Louis Vuitton marks); *Playboy Enters. v. AsiaFocus Int'l*, 1998 U.S. Dist. LEXIS 10359, No. Civ.A. 97-734-A, 1998 WL 724000 (E.D. Va., April 10, 1998) (awarding maximum statutory damage amount of $1,000,000 for the use of two counterfeit domain names); *Tommy Hilfiger Licensing, Inc. v. Goody Family Clothing, Inc.*, 2003 U.S. Dist. LEXIS 8788 (N.D. Ga. May 9, 2003) (awarding $2,100,000.00); *Chanel, Inc. v. Diana Prustman et al.*, No. 2:02-cv-34 (M.D. Fla. June 12, 2003) (awarding $5,000,000.00); *Gucci America, Inc. v. RIN, LLC et al.*, No. 03-21798 (S.D. Fla. November 29, 2004) (awarding $2,700,000.00).

Many of the Defendants' infringing DVDs are marked with Plaintiff's trademark THUGPORN® (Exhibit B of V.A.C., D.E. 12). Here, as the Defendants have defaulted, they have not provided any information with respect to their actual sales and/or advertising revenues. Although there are numerous different goods, there are two (2) infringed registered trademarks and therefore $2,000,000 is appropriate when factoring the blatant willfulness of Defendants' infringement.

### E.	Plaintiff is Entitled To An Award Of Its Attorneys' Fees and Costs

Both the Copyright Act and Lanham Act authorize this Court to award Plaintiff its reasonable costs and attorneys' fees. Such an award is warranted under the circumstances of this case. The Copyright Act authorizes the Court to award costs and attorneys' fees to the prevailing party and the Lanham Act provides for attorneys' fees for "exceptional" cases. *See* 17 U.S.C. § 505 *and* 15 U.S.C. § 1117(a). Defendants' deliberate and continuous infringement despite repeated warnings makes this an "exceptional" case under the Lanham Act, worthy of attorneys'

fees and costs under both the Copyright Act and the Lanham Act. *Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F. Supp. 2d 1213, 1222 (S.D. Fla. 2004) (awarding attorneys' fees for trademark infringement in the amount of $16,553.10 upon the defendants' default).

Accordingly, Plaintiff is entitled to its attorneys' fees and costs to be set forth in an accounting within thirty (30) days of entry of a Final Default Judgment, pursuant to Fla. S.D. L.R. 7.3.

F.     This Court Should Award Plaintiff The Website www.whatstea.com

The Defendants will continue to infringe unless restrained, as they have repeatedly ignored cease and desist letters and even previous court orders including both a preliminary and permanent injunction issued in a prior related case.  "A trademark owner is entitled to relief, including an order requiring a domain name registrant to transfer, forfeit, or cancel its domain names".  15 U.S.C. § 1125(d)(1)(A).  In the prior related case (07 civ 1784), the Southern District of New York found, "Accepting these allegations as true, an injunction requiring the defendants to transfer the domain name registration for "www.whatstea.com" to Pitbull should be granted.  *See* S.D.N.Y. Report and Recommendation attached hereto as Exhibit A.  Other courts have similarly required infringers to transfer particular domain names to the aggrieved party.  *See, e.g.*, *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 853 (E.D. Mich. 2006) (ordered defendants to disclose all other domain registrations held by them and to transfer registration of a particular domain name to plaintiff in part under authority of 15 U.S.C. § 1116(a)); *Philip Morris USA, Inc. v. Otamedia Ltd.*, 331 F. Supp. 2d 228, 234, 247 (S.D.N.Y. 2004) (modifying injunction to require that defendant transfer two domain names to plaintiff after defendant "persistently and overtly flouted" terms of default judgment).

Accordingly, Plaintiff respectfully requests that the Court order www.whatstea.com's register to transfer the domain name www.whatstea.com to Plaintiff.  Plaintiff also respectfully request that this Court order the Registrar to freeze the registration and further order that the name servers be deleted and left blank so that the domain (website) cannot point to any Internet service provider (ISP).  Defendants have moved the www.whatstea.com website at least five (5) times to circumvent the Southern District of New York's court orders.  This essentially disabled the website temporarily, but they eventually would find a new service provider and continue to infringe Plaintiff's intellectual property.[3]

### G. Plaintiff Is Entitled To A Permanent Injunction

In addition to statutory damages, attorneys' fees, and costs, and as referenced in this Court's Order (D.E. 22), Plaintiff is also entitled to a permanent injunction to prevent any future infringement of its copyrights and trademarks.  The Copyright Act and Lanham Act both provide for the issuance of permanent injunctions to prevent future violations.  17 U.S.C. § 502(a); 15 U.S.C. § 1116.  The Copyright Act permits a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  Where, as here, the willful use of Plaintiff's copyrights is for commercial gain, a likelihood of future harm may be presumed. *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417, 451 (1984). "Injunctions are regularly issued pursuant to the mandate of Section 502, because the public interest is in the interest in upholding copyright protections." *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003).  "Courts regularly issue injunctions as part of default judgments." *Id.*  In the case at hand, Defendants' infringement and continued inducement of new infringers persisted even after Plaintiff's

---

[3] Plaintiff will pay any fees associated with the domain registration and transfer.

9

**ASSOULINE & BERLOWE, P.A.**
213 E. Sheridan Street, Suite 3, Dania Beach, Florida 33004 • Telephone: 954-929-1899 • Facsimile: 954-922-6662

repeated warnings, indicating that Defendants have every intention to continue violating Plaintiff's intellectual property rights. Accordingly, Plaintiff respectfully requests that the Court enter a permanent injunction order included in the proposed Judgment attached hereto as Exhibit B.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court grant its motion for entry of final default judgment in its favor against Defendants and award statutory damages pursuant to the Lanham Act and Copyright Act, award attorneys' fees, transfer of the website www.whatstea.com to the Plaintiff, and enter a permanent injunction against Defendants restraining them from engaging in future infringement.

Dated: August 18, 2008                    Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
213 E. Sheridan Street, Suite 3
Dania Beach, Florida 33004
Telephone: 954.929.1899
Facsimile: 954.922.6662

By: */s/ Lorri Lomnitzer*
Lorri Lomnitzer, Esq. (FBN 37632)
LL@assoulineberlowe.com
Eric N. Assouline, Esq. (FBN 106143)
ena@assoulineberlowe.com

        AND
*/s/ Dariush Keyhani*
DARIUSH KEYHANI, Esq. *(Admitted Pro Hac Vice)*
MEREDITH & KEYHANI, PLLC
330 Madison Avenue , 6th Floor
New York, New York 10017
Telephone (212) 760-0098
Direct Dial:  (646) 536-5692
Facsimile (212) 202-3819
dkeyhani@meredithkeyhani.com

*Attorneys for the Plaintiff, Pitbull Productions, Inc.*

Case No.: 08-60794-CIV-JORDAN/McALILEY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing is being served via the methods referenced below this day August 18, 2008 on all counsel or parties of record on the Service List:

## SERVICE LIST

*Pitbull Productions, Inc.  v. The Urban Netmedia Group, Inc., et. al.*
Case No.: 08-60794-CIV-JORDAN/McALILEY
United States District Court, Southern District of Florida

**Via U.S. Mail:**

Nadine Lewers
5919 NW Batchelor Terrace
Port St. Lucie, Florida 34986-3602

Jonathan Lewers
5919 NW Batchelor Terrace
Port St. Lucie, Florida 34986-3602

Larry Lewers
5919 NW Batchelor Terrace
Port St. Lucie, Florida 34986-3602

The Urban Netmedia Group, Inc. d/b/a Universal Netmedia, Inc.
5919 NW Batchelor Terrace
Port St. Lucie, Florida 34986-3602

*(Defendants, unrepresented as of yet)*

By: */s/Lorri Lomnitzer*_____
   Lorri Lomnitzer, Esq.